NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MEDARDO ROMERO-MENDOZA; YASMYN NOHEMY FLORES-HERNANDEZ; KEILA YULEIDY ROMERO-FLORES,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-1089<br><br>Agency Nos.<br>A220-679-071<br>A240-085-530<br>A240-085-531<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

On behalf of himself, his wife, and their minor daughter, lead petitioner Jose

Romero-Mendoza, a native and citizen of El Salvador, petitions for review of an

order of the Board of Immigration Appeals dismissing his appeal from the decision

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of an immigration judge denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's decision for substantial evidence, *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019), and we deny the petition for review.

To be eligible for asylum or withholding of removal, Romero-Mendoza was required to show that the source of the persecution or harm he faced was by the government or "by individuals that the government is unable or unwilling to control." *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009). Substantial evidence supports the agency's determination that Petitioner failed to make the requisite showing. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064–65 (9th Cir. 2020). Romero-Mendoza testified that police routinely canvassed the neighborhood for gang activity. During his first encounter with gang members, police arrived at the scene causing the alleged attackers to flee. And although Romero-Mendoza did not report the second incident during which gang members attacked and threatened him at work, police responded to the area and investigated the gang. *See Hussain v. Rosen*, 985 F.3d 634, (9th Cir. 2021). The country conditions evidence does not compel the conclusion that the government is unable or unwilling to control the gang members allegedly targeting Romero-Mendoza. *See Velasquez-Gaspar*, 976 F.3d at 1064–65.

Substantial evidence also supports the agency's denial of CAT relief because petitioner failed to show that it was more likely than not he would be tortured by or with the consent or acquiescence of a government official. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**